THE GRAND CHAPTER OF THE ORDER OF EAST-
ERN STAR for Missouri and its Jurisdiction, Appel-
lant, v. THE UNITED GRAND CHAPTER OF
EASTERN STAR for the State of Missouri and its
Jurisdiction et al., Respondents.

**Kansas City Court of Appeals, April 7, 1902.**

1. **Injunction:** PLEADING: FRAUD. A petition for an injunction
on the ground of fraud must contain specific and definite allegations
and not mere general averments or a court of equity will not inter-
fere, although irreparable injury is alleged; and the petition *sub
judice* is wholly lacking in specification.

2. ———: ———: PROOF: BENEFIT SOCIETIES: STATUTE. The
statute requires a benevolent association to state the purpose and
scope thereof clearly and fully in its articles of association. The
plaintiff's articles complied with the statute. The petition failed to
furnish specific and clear information as to the object of the asso-
ciation. *Held,* there was a variance between the proof and the pe-
tition.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,*
Judge.

*U. G. Phetzing* and *Wm. H. Chiles* for appellant.

(1)   Under the evidence offered, the court should have
found for plaintiff, and granted the injunction and relief
prayed for, and the proposed remedy of plaintiff is by in-
junction.   Gamble v. Stephenson, 10 Mo. App. 581; Liggett
& Meyer Tob. Co. v. Ried Tob. Co., 104 Mo. 33; Drummond
Tob. Co. v. Tinsley Tob. Co., 52 Mo. App. 10; Am. Brewing
Co v. St. Louis Brewing Co., 47 Mo. App. 14; Plant Seed
Co. v. Michel Seed Co., 37 Mo. App. 313; Sanders v. Jacob,

20 Mo. App. 96; McCann v. Anthony, 21 Mo. App. 83; McCartney v. Garnhart, 45 Mo. 593; Filley v. Fassett, 44 Mo. 178.

*John S. Blackwell & Son* for respondents.

(1) Plaintiff's petition does not state facts sufficient to constitute a cause of action. There are no equities alleged in the petition. Instead of a plain, concise and clear statement of the facts upon which plaintiff relies for a recovery, only conclusions and general statements are alleged. Every constitutive fact of a cause of action must be distinctly set forth in the petition. Rogers v. McCraw, 61 Mo. App. 407; Harrison v. Railroad, 50 Mo. App. 332; Bankston, Adm'r, v. Farris, 26 Mo. 175. (2) Where fraud is relied upon as the foundation for an injunction, the allegations in the bill must be of specific and definite acts of fraud, and not mere general averments; and in the absence of such specific allegations a court of equity will not interfere, although irreparable injury is alleged. 1 High on Injunctions (3 Ed.), sec. 21, 22 and 23, pp. 21, 22 and 23. (3) Plaintiff must recover, if at all, on the facts stated in his petition, and can not allege one state of facts and prove or recover upon another. Price v. Railroad, 40 Mo. App. 189; Whipple v. Peter Cooper, B. & L. Ass'n, 55 Mo. App. 554; Sumner v. Rogers, 90 Mo. 324.

ELLISON, J.—This proceeding is an injunction. The plaintiff's bill alleges that defendants represent themselves to be chief officers of the "United Grand Chapter of the Order of the Eastern Star for the State of Missouri and its jurisdiction." That they represent that they have formed a union composed of the plaintiff corporation and the Masonic Grand Chapter of the Order of Eastern Star. That such represen-

tations were detrimental, etc., and ask an injunction prevent-
ing such representations and interference.    The trial court
dismissed the bill and found for defendants. In support of the
judgment defendants make two principal objections to plain-
tiff's case:    one is that the petition does not state facts suffi-
cient to justify relief; and the other that the evidence in a
material particular fails to sustain the petition.

The charge in the petition is that the plaintiff corporation
styled, "The Grand Chapter of the *Order* of the Eastern Star
for Missouri and it jurisdiction" is being hindered and dis-
organized in its object and purpose by defendants as officers
of a society called "The United Grand Chapter of the Eastern
Star for the *State* of Missouri and its jurisdiction."    (The
italics in each name represent the words not found in the
other.)    That defendants falsely and fraudulently represent,
to the public and to the members of the plaintiff corporation
that they had united with and formed a union of plaintiff
corporation merging the "Masonic Grand Chapter of the Or-
der of the Eastern Star," into their corporation of "the
United Grand Chapter of the Eastern Star for the State of
Missouri and its jurisdiction."    That such representations
were untrue, that they produced confusion, doubt and distrust
among the members of plaintiff corporation, inducing many
of them to absent themselves and to withdraw and many to
fail and refuse to pay fees, dues and assessments to plaintiff.

These allegations consist of nothing but generalizations.
They are wholly lacking in specification.    There is no state-
ment of when nor where nor how this was done; nor with
what object or purpose.    Nor is there an allegation that the
representations were made in manner or form, or at a place,
or time, when they would be reasonably calculated to deceive
or impose upon reasonable people.    Nor is there any allega-
tion of what effect it did have further than the general word
"many."    "Where fraud is relied upon as the foundation for
an injunction, the allegations in the bill must be of specific

Grand Chapter v. United Grand Chapter.

and definite acts of fraud, and not mere general averments; and in the absence of such specific allegations, a court of equity will not interfere, although irreparable injury is alleged." 1 High on Injunc., sec. 21.

2. Furthermore, the allegation in the petition is that "said corporation is composed of colored people and was organized to promulgate the principles of fidelity, honor and virtue among its members, and by the adoption and enforcement of appropriate rules, regulations and by-laws to inculcate into the minds of its members, principles of truth, wisdom, faith, charity, fidelity, humility and purity; provide for places of meeting at stated times, and also by the imposition and collection of initiative fees, dues, assessments and other charges to create a source of revenue and derive a pecuniary income for the use and benefit of the said corporation and its members."

While the proof, as shown in evidence by the articles of organization, was that: "The purpose (of the organization) shall be to provide for the support and care of its members during sickness, provide for the funeral expenses of its deceased members, secure homes for the children of its deceased members and aid in their education, also at stated times engage or employ learned men and women to deliver lectures and addresses upon the leading questions of the day in morals, religion, science or politics."

The statute concerning benevolent associations (sec. 1394, R. S. 1899) is, "that the purpose and scope of the association be clearly and fully set forth." That is that the purpose shall be plainly and fully stated, without confusion, or room for embarrassment, doubt or uncertainty as to its object. In keeping and harmony with the statute, the petition should clearly and fully state the object of the association, and the evidence under the petition should reasonably support its allegations. The allegations of the petition here consist wholly of generalizations. They all could perhaps have been embraced in the

two very general words of "goodness," and "wisdom." The article of association is full and specific and no reason is seen why the petition should not be equally so. This does not controvert the rule that a petition need not state the detail of evidence. Here, if it had been an issue, nothing need have been alleged as to. specific acts of charity or other good deeds. But when the act of incorporation introduced in evidence shows the object of the association to be certain definite things, it ought to be based upon an equally definite petition. The petition furnishes no specific or clear information as to what the object of the association was. The articles themselves do, and thereby comply with the statute aforesaid. But not being based on a petition supporting them the case fails. We are satisfied that the judgment should be affirmed. All concur.